## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

VICTORIA SOBOLESKI, on behalf of
herself and others similarly situated,

      Plaintiff,

v.

MCM PRODUCTS USA INC.,

      Defendant.

Case No. 2:25-cv-11699-DPH-CI
District Judge Denise Page Hood
Mag. Judge Curtis Ivy, Jr.

---

## DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE CERTAIN ALLEGATIONS FROM PLAINTIFF'S COMPLAINT

Defendant MCM Products USA Inc. ("MCM") hereby respectfully moves to dismiss the Complaint (*see* ECF No. 1, "Complaint") filed by Plaintiff Victoria Soboleski ("Plaintiff") in this matter, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). If the Complaint is not dismissed in its entirety or with prejudice, MCM moves in the alternative to strike Plaintiff's facially-uncertifiable proposed class definition and all other class-related allegations under Fed. R. Civ. P. 12(f) and 23.

The specific bases and authority for this Motion are more fully set forth in the attached Brief in Support, which is incorporated herein by reference.

Pursuant to Local Rule 7.1, the undersigned certifies that counsel for MCM made reasonable and timely efforts to confer with counsel for Plaintiff regarding the

grounds for this Motion and whether Plaintiff would concur with the relief sought herein prior to filing same, including an email sent on July 28, 2025. Plaintiff's counsel responded in writing the same day, indicating that Plaintiff does not concur and thus opposes this Motion.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: July 31, 2025          By: */s/ Jonathan F. Karmo*
                                 Jonathan F. Karmo (P76768)
                                 450 West Fourth Street
                                 Royal Oak, MI 48067
                                 Phone: (248) 645-1483
                                 jfk@h2law.com
                                 *Attorneys for Defendant*

2

## ISSUES PRESENTED

1. Whether Plaintiff has adequately pled a claim for relief against MCM under Fed. R. Civ. P. 12(b)(6). MCM answers: "No."

2. Whether Plaintiff's class allegations should be stricken from the Complaint under Fed. R. Civ. P. 12(f) and/or 23. MCM answers: "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- *Baisden v. Credit Adjusts., Inc*., 813 F.3d 338 (6th Cir. 2016)

- *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015)

- *Dobronski v. Tobias & Assocs., Inc*., 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024)

- *Eldridge v. Cabela's Inc.*, 2017 WL 4364205 (W.D. Ky. Sept. 29, 2017)

- *Int'l IP Holdings, LLC v. Vitamin Energy, Inc.*, 2023 WL 6466560 (E.D. Mich. Oct. 4, 2023)

- *Keating v. Peterson's Nelnet, LLC,* 615 F.App'x 365 (6th Cir. 2015)

- *Linden v. City of Southfield, Mich.*, 75 F.4th 597 (6th Cir. 2023)

- *Lucas v. Telemarketer*, 2019 WL 3021233 (6th Cir. May 29, 2019)

- *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011)

- *Sandusky Wellness v. ASD Specialty Healthcare,* 863 F.3d 460 (6th Cir. 2017)

- *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076 (S.D. Ohio May 7, 2014)

- *Williams v. CitiMortgage, Inc.,* 498 F. App'x 532 (6th Cir. 2012)

# TABLE OF CONTENTS FOR BRIEF IN SUPPORT

**Page**

BRIEF IN SUPPORT OF MOTION ........................................................................1

INTRODUCTION ...............................................................................................1

RELEVANT ALLEGATIONS ...............................................................................3

APPLICABLE LEGAL STANDARDS .....................................................................4

ARGUMENT ....................................................................................................6

I.      THE COMPLAINT SHOULD BE DISMISSED UNDER RULE
        12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE
        TCPA. ..................................................................................................6

        A.      Section 227(c) of the TCPA Does Not Apply To Text
                Messages. ...................................................................................6

        B.      Plaintiff's Complaint Does Not Plausibly Allege Any Theory of
                Liability Against MCM. ..............................................................11

                1.      Plaintiff Does Not Plausibly Allege that MCM Physically
                        Sent the Subject Texts, as Required to Plead Direct
                        Liability. ........................................................................12

                2.      Plaintiff Has Not Alleged Any Facts to Support an
                        "Agency" Relationship Between MCM and Any of the
                        Purported Callers. ...........................................................14

        C.      Plaintiff Fails To Plead Facts Supporting Other Elements of Her
                DNC Claim Under Section 227(c). ................................................16

II.     ALTERNATIVELY, PLAINTIFF'S CLASS AND OTHER
        IMPROPER ALLEGATIONS SHOULD BE STRICKEN UNDER
        RULE 12(F). .........................................................................................20

CONCLUSION ...............................................................................................25

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................5

*Bank v. Philips Elecs. N. Am. Corp.*,
  2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015)....................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................5

*Bennett v. Celtic Ins. Co.*,
  2022 WL 865837 (N.D. Ill. Mar. 23, 2022) ................14, 16

*Bickerstaff v. Lucarelli*,
  830 F.3d 388 (6th Cir. 2016) .....................................5

*Blount v. D. Canale Beverages, Inc.*,
  2003 WL 22890339 (W.D. Tenn. July 23, 2003)................25

*Boyer v. Diversified Consultants, Inc.*,
  306 F.R.D. 536 (E.D. Mich. 2015) ..............................22

*Brown v. Nano Hearing Tech OPCP, LLC*,
  2024 WL 3367536 (S.D. Cal. July 9, 2024) .....................13

*Bryant v. King's Creek Plantation, L.L.C.*,
  2020 WL 6876292 (E.D. Va. June 22, 2020) .....................22

*Cataldi v. Ocwen Loan Servicing, LLC*,
  2017 WL 5903440 (E.D. Mich. Nov. 30, 2017), *dismissed*, No. 17-2525,
  2018 WL 11447860 (6th Cir. Apr. 23, 2018) (**Hood, J.**)..................20

*Cholly v. Uptain Grp., Inc.*,
  2017 WL 449176 (N.D. Ill. Feb. 1, 2017) .......................24

*Cunningham v. Daybreak Solar Power, LLC*,
  2023 WL 3985245 (N.D. Tex. June 13, 2023) ...................15

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
  2021 WL 1946645, ; (M.D. Tenn. May 14, 2021) ..............12, 16

*Cunningham v. Politi*,
  2019 WL 2517085 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*,
  2019 WL 2524737 (June 19, 2019)..............................17

# TABLE OF AUTHORITIES
(continued)

**Page**

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
    2017 WL 3574451 (M.D. Tenn. July 27, 2017), *report and rec. adopted,*
    2017 WL 3776165 (Aug. 31, 2017) ...................................................................16

*Dobronski v. Russo*,
    2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) ................................................13

*Duran v. La Boom Disco, Inc.*,
    955 F.3d 279 (2d Cir. 2020) ...........................................................................8, 9

*Facebook, Inc. v. Duguid*,
    592 U.S. 395 (2021)............................................................................................7

*Frank v. Cannabis & Glass, LLC*,
    2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ..................................................12

*Gen. Tel. Co. of the Sw. v. Falcon*,
    457 U.S. 147 (1982)..........................................................................................20

*Gillam v. Reliance First Capital, LLC*,
    2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ...........................................passim

*Green v. Liberty Ins. Corp.*,
    2016 WL 1259110 (E.D. Mich. Mar. 30, 2016)................................................21

*Hicks v. Alarm.com Inc.*,
    2020 WL 9261758 (E.D. Va. Aug. 8, 2020) ..............................................17, 18

*Hirsch v. USHealth Advisors, LLC*,
    337 F.R.D. 118 (N.D. Tex. 2020)......................................................................25

*In re Erie Islands Resort & Marina*,
    580 B.R. 731 (Bankr. N.D. Ohio 2017).............................................................21

*In re Joint Petition*
    *filed by Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C Rcd. 6574..............12

*In re Livent, Inc. Noteholders Secs. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) ................................................................5

*In re Rules & Regs. Implementing the TCPA*,
    30 FCC Rcd. 7961 (2015)..................................................................................14

*In re Rules & Regulations Implementing the Telephone Consumer*
    *Protection Act of 1991*,
    18 F.C.C. Rcd. 14014 (2003)...............................................................................9

# TABLE OF AUTHORITIES
(continued)

**Page**

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*,
  7 F.C.C. Rcd. 8752 (1992)..................................................................8

*Jones v. Blackstone Med. Servs., LLC*,
  2025 WL 2042764 (C.D. Ill. July 21, 2025).................................passim

*Jones v. Royal Admin. Servcs., Inc.*,
  887 F.3d 443 (9th Cir. 2018) ...............................................................15

*Katz v. Caliber Home Loans, Inc.*,
  2023 WL 5311488 (N.D. Tex. Aug. 17, 2023) ...........................14, 16

*Keating v. Peterson's Nelnet, LLC*,
  2014 WL 1891369 (N.D. Ohio May 12, 2014), *aff'd*, 615 F. App'x 365
  (6th Cir. 2015)....................................................................................15

*Keating v. Peterson's Nelnet, LLC*,
  615 F.App'x 365 (6th Cir. 2015) ........................................................15

*Kern v. VIP Travel Servs.*,
  2017 WL 1905868 (W.D. Mich. May 10, 2017)................................16

*Linden v. City of Southfield, Mich.*,
  75 F.4th 597 (6th Cir. 2023) .................................................................5

*Lindsay Transmission, LLC v. Office Depot, Inc.*,
  2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ......................................24

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024)........................................................................7, 10

*Lucas v. Telemarketer Calling from (407) 476-5680*,
  2019 WL 3021233 (6th Cir. May 29, 2019)................................11, 12

*Mantha v. QuoteWizard.com*,
  2022 WL 325722 (D. Mass. Feb. 3, 2022) ..................................17, 18

*Martinez v. TD Bank USA*,
  2017 WL 2829601 (D.N.J. June 30, 2017).........................................22

*Matthews v. Senior Life Ins. Co.*,
  2025 WL 1181789 (E.D. Va. Apr. 22, 2025) ....................................13

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
  145 S. Ct. 2006 (2025)....................................................................9, 10

# TABLE OF AUTHORITIES
(continued)

**Page**

*Morgan v. U.S. Xpress, Inc.*,
   2018 WL 3580775 (W.D. Va. July 25, 2018) ...................................................16

*Murray v. Choice Energy, LLC*,
   2015 WL 4204398 (S.D. Ohio July 10, 2015)..........................................12, 14

*Nelums v. Mandu Wellness, LLC*,
   2023 WL 5607594 (D.N.M. Aug. 30, 2023) .....................................................11

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
   650 F.3d 1046 (6th Cir. 2011) ...............................................................................6

*Oom v. Michaels Cos. Inc.*,
   2017 WL 3048540 (W.D. Mich. July 19, 2017)..............................................21

*Payne v. Sieva Networks, Inc.*,
   347 F.R.D. 224 (N.D. Cal. 2024).........................................................................25

*Pepka v. Kohl's Dep't Stores, Inc.*,
   2016 WL 8919460 (C.D. Cal. Dec. 21, 2016)............................................21, 23

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) .........................................................................20, 21

*Randleman v. Fid. Nat'l Title Ins. Co.*,
   646 F.3d 347 (6th Cir. 2011) ...............................................................................22

*Rogers v. Assurance IQ, LLC*,
   2023 WL 2646468 (W.D. Wash. Mar. 27, 2023).................................15, 17, 18

*Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*,
   863 F.3d 460 (6th Cir. 2017) ...............................................................................23

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009) .............................................................................8, 9

*Sauter v. CVS Pharmacy, Inc.*,
   2014 WL 1814076 (S.D. Ohio May 7, 2014).............................................21, 22

*Sec'y of Labor v. Macy's, Inc.*,
   2021 WL 5359769 (S.D. Ohio Nov. 17, 2021) ..................................................6

*Sherrod v. Enigma Software Grp. USA, LLC*,
   2016 WL 25979 (S.D. Ohio Jan. 4, 2016)....................................................22, 23

*Smith v. Vision Solar LLC*,
   2020 WL 5632653 (E.D. Pa. Sept. 21, 2020)...................................................17

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Soboleski v. Clutch, Inc.*,
    No. 2:25-cv-11698-BRM-DRG (E.D. Mich. June 5, 2025) .................................1

*Soboleski v. Crumble LLC*,
    No. 5:25-cv-11839-JEL-DRG (E.D. Mich. June 19, 2025) ...............................1

*Soboleski v. Dispo Holdings LLC*,
    No. 2:25-cv-11856-LVP-DRG (E.D., Mich. June 20, 2025) ..............................1

*Soboleski v. Extended Stay America, Inc.*,
    No. 3:25-cv-00526-KDB-SCR (W.D.N.C. July 18, 2025) .................................1

*Soboleski v. Luminess Direct LLC*,
    No. 2:24-cv-13397-LJM-KGA (E.D. Mich. Dec. 18, 2024).........................1, 18

*Soboleski v. Michael Kors (USA), Inc.*,
    No. 2:25-cv-11838-DPH-CI (E.D. Mich. June 19, 2025) .................................1

*Soboleski v. Party Pizza Roseville, Inc.*,
    No. 2:24-cv-13138-MFL-CI (E.D. Mich. Jan. 15, 2025) ............................1, 18

*Soboleski v. Terrascend Corp.*,
    No. 4:25-cv-11763-FKB-DRG (E.D. Mich. June 12, 2025) ..............................1

*Sowders v. Scratch Fin., Inc.*,
    2023 WL 7525900 (S.D. Ohio Nov. 14, 2023) ..................................................21

*Tam Travel, Inc. v. Delta Airlines, Inc.*,
    583 F.3d 896 (6th Cir. 2009) .............................................................................6

*Tel. Solicitations, Autodialed & Artificial or Prerecorded Voice Message
    Tel. Calls, & the Use of Facsimile Machines*,
    8 F.C.C. Rcd. 480 (1993)...................................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)....................................................................................23

*Weisblat v. John Carroll Univ.*,
    748 F. Supp. 3d 517 (N.D. Ohio 2024) ...........................................................18

*Wick v. Twilio Inc.*,
    2017 WL 2964855 (W.D. Wash. July 12, 2017).........................................14, 16

*Williams v. CitiMortgage, Inc.*,
    498 F.App'x 532 (6th Cir. 2012).........................................................................5

# TABLE OF AUTHORITIES
(continued)

**Page**

## STATUTES

47 U.S.C. § 227 ................................................................................passim

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991) ...........................................................................................7

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(c) .....................................................................passim

47 C.F.R. § 64.1200 (f) ................................................................19, 24

*How Text Messages Are Being Killed and Replaced*, TIME (Dec. 3, 2014), https://time.com/3612277/text-message-history-future/ ("The world's very first text message, sent Dec. 3, 1992 . . . .") ...............................................10

## RULES

Fed. R. Civ. P. 12 ...........................................................................passim

Fed. R. Civ. P. 23.....................................................................3, 20, 21, 25

# **BRIEF IN SUPPORT OF MOTION**

# **INTRODUCTION**

Plaintiff is a serial TCPA litigant that has filed at least nine substantially similar TCPA complaints over the last eight months alone.[1] In every case, Plaintiff seeks to recover under the TCPA based upon text messages she allegedly received on **two different** "personal residential" telephone numbers. At most, only **one** of these numbers can be the "primary means" of reaching Plaintiff at her residence, which is a necessary prerequisite to qualify as a "residential telephone subscriber" under Section 227(c) of the TCPA and a critical element of Plaintiff's claim.

In this case, Plaintiff asserts a single cause of action under Section 227(c) of the TCPA for violation of the Do-Not-Call ("DNC") Registry regulations in 47 C.F.R. § 64.1200(c) for text messages allegedly received on one of her two cell phone numbers after she purportedly registered that number on the National DNC Registry. As shown below, however, Plaintiff is not entitled to any relief under the TCPA.

---

[1] *See Soboleski v. Party Pizza Roseville, Inc.*, No. 2:24-cv-13138-MFL-CI (E.D. Mich. Jan. 15, 2025); *Soboleski v. Luminess Direct LLC*, No. 2:24-cv-13397-LJM-KGA (E.D. Mich. Dec. 18, 2024); *Soboleski v. Clutch, Inc.*, No. 2:25-cv-11698-BRM-DRG (E.D. Mich. June 5, 2025); *Soboleski v. Terrascend Corp.*, No. 4:25-cv-11763-FKB-DRG (E.D. Mich. June 12, 2025); *Soboleski v. Michael Kors (USA), Inc.*, No. 2:25-cv-11838-DPH-CI (E.D. Mich. June 19, 2025); *Soboleski v. Crumble LLC*, No. 5:25-cv-11839-JEL-DRG (E.D. Mich. June 19, 2025); *Soboleski v. Dispo Holdings LLC*, No. 2:25-cv-11856-LVP-DRG (E.D., Mich. June 20, 2025); *Soboleski v. Extended Stay America, Inc.*, No. 3:25-cv-00526-KDB-SCR (W.D.N.C. July 18, 2025).

To begin, text messages are not "calls" under Section 227(c) of the TCPA and its implementing regulations and, thus, are not covered by the statute. And, even if they were considered "calls," not *all* calls to numbers registered on the National DNC Registry violate the TCPA. Rather, the TCPA prohibits only more than one "telephone solicitation" made "by or on behalf of the same entity" in a 12-month period to a "***residential*** telephone subscriber" who has registered her number on the National DNC Registry. Calls made with the "prior express invitation or permission" of the recipient or pursuant to an "established business relationship" between the recipient and caller do <u>not</u> qualify as "telephone solicitations" and thus do not violate the TCPA's DNC Registry provisions. Moreover, a TCPA DNC claim must include factual allegations establishing that the phone line is actually used for "residential" purposes and is Plaintiff's only "residential" line. Plaintiff's Complaint fails on all accounts and should be dismissed in its entirety on at least the following grounds:

**<u>First</u>**, the Court should dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because text messages did not exist at the time the TCPA was enacted and, therefore, are not "calls" under Section 227(c) of the TCPA.

**<u>Second</u>**, the Complaint should also be dismissed under Rule 12(b)(6) because it fails to sufficiently allege that MCM (i) took any steps to "physically" send the subject text messages, as required for direct TCPA liability or (ii) had an agency

relationship with or control over any third parties who did, as required to allege vicarious TCPA liability.

**Third**, Plaintiff fails to allege a DNC claim or facts supporting the essential elements of such a claim. In this regard, Plaintiff has not pled sufficient non-conclusory facts showing she (i) received more than one "telephone solicitation" in a 12-month period that was physically initiated "by or on behalf of the same entity" (MCM); and (ii) is a "residential telephone subscriber," as is required to state a claim under Section 227(c)(5) of the TCPA and its implementing regulations.

**Finally,** the class allegations are so facially inadequate that certification cannot be granted as pled. They are impermissibly fail-safe and common questions of law and fact do not predominate. If the Court does not dismiss the Complaint in its entirety, it should strike the improper class allegations under Rules 12(f) and 23.

## RELEVANT ALLEGATIONS

In pertinent part, Plaintiff alleges that she is and has been the "subscriber" of the phone number 586-420-XXXX since March 2025. ECF No. 1 ¶ 8. Plaintiff contends this number is used "as **a** personal residential telephone number" and is not used "for business or commercial purposes." *Id*. ¶¶ 9-11 (emphasis added). She also

alleges she "does not have a landline." *Id.* ¶ 10. The number was purportedly registered on the National DNC Registry on March 27, 2025. *Id.* ¶ 12.

According to Plaintiff, MCM "delivered, or caused to be delivered" text messages to the subject phone number, including in May 2025, that advertised MCM's products and other offers. *Id.* ¶ 13; *see also id.* ¶¶ 15, 18, 22, 29, 57 (equivocally concluding that MCM "delivered, or caused to be delivered" the subject text messages). Plaintiff contends she "did not give [MCM] prior express consent or permission" to text her phone number and "did not request information or promotional materials" from MCM. *Id.* ¶¶ 18-19. However, Plaintiff does not allege whether she ever provided her phone number to MCM or otherwise had an established business relationship with MCM.

Plaintiff purports to bring this claim on behalf of a putative class as follows:

All persons throughout the United States (1) who did not provide their telephone number to MCM Products USA Inc., (2) to whom MCM Products USA Inc. delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting MCM Products USA Inc. goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before MCM Products USA Inc. delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

*Id.* ¶ 22.

## **APPLICABLE LEGAL STANDARDS**

Rule 12(b)(6) mandates dismissal of a complaint that fails to state a claim for

relief. Under this rule, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (quotation marks and citation omitted). *See also Twombly*, 550 U.S. at 570 (a plaintiff must allege facts that nudge their claims across the line from merely "conceivable" to "plausible"). In other words, Plaintiff must provide "'specific facts necessary to establish the cause of action'" to avoid dismissal and cannot rely on mere conclusory statements. *Linden v. City of Southfield, Mich.,* 75 F.4th 597, 601–02 (6th Cir. 2023) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).

Further, while this Court must generally accept well-pled factual allegations in the Complaint as true, "[a] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Williams v. CitiMortgage, Inc.,* 498 F.App'x 532, 536 (6th Cir. 2012) (quoting *In re Livent, Inc. Noteholders Secs. Litig.,* 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) (citations

omitted)); *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir. 2011); *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009); *Sec'y of Labor v. Macy's, Inc.,* 2021 WL 5359769, at *5 (S.D. Ohio Nov. 17, 2021) ("There is also an exception to the general principle that the Court accepts all factual allegations as true for internally inconsistent allegations, which need not (and indeed cannot) be accepted as true for purposes of a motion to dismiss.") (citation omitted).

## **ARGUMENT**

### I.   **THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA.**

Plaintiff's Complaint asserts a single cause of action for violation of Section 227(c) of the TCPA, which prohibits "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). As shown below, Plaintiff's DNC claim fails for several reasons.

### A.   **Section 227(c) of the TCPA Does Not Apply To Text Messages.**

Section 227(c) of the TCPA provides a private right of action to "[a] person who has received more than one ***telephone call*** within any 12-month period … in violation of the regulations prescribed under this subsection …." 47 U.S.C. § 227(c)(5) (emphasis added). This section of the TCPA "does not mention text

-6-

messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages." *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *5 (C.D. Ill. July 21, 2025). The implementing regulations for Section 227(c) reference only "telephone solicitations" and are likewise devoid of any reference to text messages. *See* 47 C.F.R. § 64.1200(c). Thus, these terms must be interpreted in the context in which the TCPA was enacted in 1991. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 405 (2021).

"Every statute's meaning is fixed at the time of enactment." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) (citation omitted). Courts "must interpret what Congress wrote" when the statute was enacted and cannot rewrite the TCPA to update it for modern technology. *Facebook, Inc.*, 592 U.S. at 409. "Text messaging was not an available technology in 1991 [when the TCPA was enacted], and thus 'telephone call' would ***not*** have included text messages or SMS messages." *Jones*, 2025 WL 2042764, at *4 (emphasis added); *see also* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991). "Thus, under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages." *Jones*, 2025 WL 2042764, at *4.

While the term "telephone solicitation" is defined in Section 227(a)(4) to include "the initiation of a telephone call or message…," that definition does not alter the result. 47 U.S.C. § 227(a)(4). First, the reference to "message" presumably

-7-

refers to artificial or prerecorded voice messages, which were expressly regulated by the TCPA at the time of its enactment. *See, e.g., Tel. Solicitations, Autodialed & Artificial or Prerecorded Voice Message Tel. Calls, & the Use of Facsimile Machines*, 8 F.C.C. Rcd. 480 (1993) (identifying the types of calls for which an individual may recover, including "live" solicitation calls, artificial or prerecorded voice calls, unsolicited facsimile ads and autodialed calls that engage two or more lines). Indeed, "Section 227(a)(4) does not refer to 'text message'" and, as discussed above, "telephone call or message" could not have been interpreted in 1991 to include text messages, which were not yet in existence. *Jones*, 2025 WL 2042764, at *4.

Moreover, the FCC's authority to implement regulations under Section 227(c) was limited to "the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations" and the 9 months after December 20, 1991. 47 U.S.C. § 227(c). Those regulations were implemented in 1992, as authorized, and do not discuss or refer to text messages. 47 C.F.R. § 64.1200(c); *see also In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752 (1992) (also devoid of any discussion of text messages).

In her Complaint, Plaintiff cites *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) and *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954

(9th Cir. 2009) for the proposition that a text message is a "call" as defined by the TCPA. *See* ECF No. 1 ¶ 52. However, both of those decisions evaluated text messages under Section 227(b), which is not at issue in this case. *See Duran*, 955 F.3d at 280 (addressing the definition of an ATDS under Section 227(b) of the TCPA); *Satterfield*, 569 F.3d at 954 (finding that the "language and purpose of the TCPA support the conclusion that the ***use of an ATDS*** to make any call, regardless of whether that call is communicated by voice or text, is prohibited") (emphasis added)). The Ninth Circuit in *Satterfield* also confirmed that "the statute is silent as to whether a text message is a call within the Act" and instead deferred to the FCC's 2003 Order in finding text messages can be considered calls under Section 227(b) of the TCPA. *Id*.

While the FCC previously stated in its 2003 Order that, under some circumstances, "calls" do include "text messages," that Order only addressed text messages in the context of the TCPA's automated calling provision, Section 227(b), which is not at issue in this lawsuit. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115-16 at ¶ 165, n.603-605 (2003); *see also Jones*, 2025 WL 2042764, at *4 ("on its face…, the 2003 Order explicitly references only Section 227(b)"). In any event, the FCC's prior 2003 interpretation is not entitled to deference. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2013 (2025) (holding "the Hobbs

Act does not preclude district courts in enforcement proceedings from independently assessing whether an agency's interpretation of the relevant statute is correct"); *see also Loper*, 603 U.S. at 401 (overruling *Chevron* deference, finding "*Chevron* gravely erred [ ] in concluding that the inquiry is fundamentally different just because an administrative interpretation is in play"). This is true even though Section 227(c) of the TCPA affords certain rulemaking authority to the FCC. Under *McLaughlin* and *Loper*, courts must "independently interpret" statutes under ordinary principles of statutory interpretation—even where the statute delegates discretionary authority to an agency—and must interpret the statute as "if no agency were involved." *Id*. at 400.

Applying *McLaughlin* and *Loper* leads to one result: the TCPA does not extend to communications, like text messages, that did not exist at the time the TCPA was enacted. *See Jones*, 2025 WL 2042764, at *4-5 ("While the Court affords a certain amount of respect to the FCC's interpretation of the terms used in the TCPA, the fact remains that Section 227(c)(5) of the TCPA includes 'telephone call' and does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages.") (citing *Loper* and Alex Fitzpatrick, *How Text Messages Are Being Killed and Replaced*, TIME (Dec. 3, 2014), https://time.com/3612277/text-message-history-future/ ("The world's very first text message, sent Dec. 3, 1992 . . . .")).

Thus, while Plaintiff may believe there are compelling reasons to expand Section 227(c) of the TCPA to reach the realities of today's technologies, only Congress can do that. "It is not for a court to legislate by reading into the TCPA something that is not there." *Jones*, 2025 WL 2042764, at *5.

Therefore, the Complaint should be dismissed in its entirety and with prejudice under Rule 12(b)(6).

**B.** **Plaintiff's Complaint Does Not Plausibly Allege Any Theory of Liability Against MCM.**

Even if the Court finds that Section 227(c) applies to text messages (it does not), to survive dismissal, Plaintiff must plausibly allege one of two potential theories of liability under the TCPA against MCM: (1) direct liability or (2) vicarious liability. *See, e.g., Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019). Failure to do so warrants dismissal of Plaintiff's TCPA claim in its entirety. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA and [an equivalent state statute]—that Defendants were directly or vicariously liable for the [subject] text messages—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements" of the asserted claims.). Plaintiff does not plausibly allege either theory here.

-11-

    **1.**    Plaintiff Does Not Plausibly Allege that MCM Physically Sent the Subject Texts, as Required to Plead Direct Liability.

Direct TCPA liability applies <u>only</u> to persons or entities that "initiate" telemarketing calls. *Lucas,* 2019 WL 3021233, at \*5. "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Murray v. Choice Energy, LLC*, 2015 WL 4204398, at \*3 (S.D. Ohio July 10, 2015) (citing *In re Joint Petition filed by Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C Rcd. 6574, 6583 ¶ 26) (emphasis added). In other words, for direct TCPA liability to attach, Plaintiff must plausibly allege ***MCM itself—not some unidentified third party—physically texted her <u>directly</u>***. "Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim" and cannot survive dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at \*2 (E.D. Wash. Oct. 1, 2019); *see also Lucas,* 2019 WL 3021233, at \*5-6; *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 WL 1946645, at \*2; (M.D. Tenn. May 14, 2021).

Here, Plaintiff alleges that MCM either "delivered, or caused to be delivered" the alleged text messages to her cell phone. In other words, Plaintiff does not know whether MCM sent the text messages itself or hired an unidentified third-party "telemarketer" to send them. *See, e.g.,* ECF No. 1 ¶¶ 2, 5, 13, 15, 18, 22, 57. There

are no other facts from which the Court could infer who physically sent the text messages. This equivocal and conclusory "either/or" pleading approach has been widely rejected by federal district courts in the TCPA context. *See, e.g., Dobronski v. Russo*, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024) (dismissing, holding that a plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" to him was insufficient to plead a theory of TCPA liability); *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) (dismissing TCPA claim where complaint contained only conclusory allegations that the calls came "from" the defendant); *Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (plaintiff's allegations that the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too conclusory to state a plausible claim" for direct TCPA liability); *see also Brown v. Nano Hearing Tech OPCP, LLC*, 2024 WL 3367536, at *3 (S.D. Cal. July 9, 2024) (dismissing where plaintiff concluded the caller's "numbers belonged to [defendant] Nano or Nano's agent," without factual support demonstrating the defendant itself physically placed any call).

Further, the sole factual allegation connecting MCM to the subject messages is that MCM's products are referenced in the text copy. *See* ECF No. 1 ¶ 14. However, even if true, "[m]erely offering a good or service for sale does not mean that a retailer [physically] initiates the marketing calls for that product" for direct TCPA liability.

-13-

*Wick v. Twilio Inc.,* 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017); *see also Bennett v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) ("[A] defendant 'generally does not [physically] initiate calls [under the TCPA] placed by third-party telemarketers,' even if the third party had acted on its behalf.") (citation omitted); *Katz v. Caliber Home Loans, Inc.,* 2023 WL 5311488, at *3 (N.D. Tex. Aug. 17, 2023) (dismissing on this basis where plaintiff alleged an "unidentified caller 'offered the Defendant's services'").

In short, there must be a "direct connection between a person or entity and the making of a call" for direct TCPA liability; indirect connections will not suffice. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7980 (2015). No such "direct connection" has been alleged here; thus, Plaintiff's Complaint should be dismissed on direct liability grounds.

**2.**    Plaintiff Has Not Alleged Any Facts to Support an "Agency" Relationship Between MCM and Any of the Purported Callers.

While it does not appear that Plaintiff attempts to assert a vicarious liability claim against MCM, to the extent she does, this claim also fails.

Vicarious liability also cannot be casually pled. Rather, Plaintiff must first allege facts supporting an agency relationship between MCM and any third party that allegedly sent the subject text messages. *See Murray*, 2015 WL 4204398, at *5-6 (dismissing where plaintiff did not plead facts supporting vicarious TCPA liability). Federal courts apply common law agency principles to determine vicarious TCPA

liability. *See Keating v. Peterson's Nelnet, LLC*, 2014 WL 1891369, at *4–5 (N.D. Ohio May 12, 2014), *aff'd*, 615 F. App'x 365 (6th Cir. 2015). "[A]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Keating v. Peterson's Nelnet, LLC,* 615 F.App'x 365, 372 (6th Cir. 2015) (quoting Restatement § 1.01).

Moreover, in the TCPA context, courts have widely held that vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g., Jones v. Royal Admin. Servcs., Inc.,* 887 F.3d 443, 450 (9th Cir. 2018); *see also Keating*, 615 F.App'x at 372. To adequately plead "control," Plaintiff must plead specific non-conclusory facts suggesting that the defendant had control over "the means and details of" the the solicitation campaign that was conducted, and not just general "control" over an alleged agent. *See, e.g., Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023); *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *6 (W.D. Wash. Mar. 27, 2023).

Here, Plaintiff does not allege any facts demonstrating the "essential ingredient" of control, as required to state a vicarious TCPA liability claim. *See Jones*, 887 F.3d at 450. The only "facts" Plaintiff alleges to connect MCM with the subject text messages is that MCM's products were referenced in the text copy. ECF No. 1, ¶

-15-

14. But merely offering a good for sale is insufficient to establish any theory of liability against MCM, let alone one based upon vicarious liability. *See Wick*, *Bennett & Katz*, *supra*; *see also* Discussion at Section I.B.1 *supra*.

Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for this reason, as well. *See, e.g., Kern v. VIP Travel Servs.*, 2017 WL 1905868, at *9 (W.D. Mich. May 10, 2017) (dismissing where plaintiff did not allege "facts from which to infer an agency relationship"); *Cunningham,* 2021 WL 1946645, at *4 (a plaintiff "must allege some factual predicate that gives rise to an inference of an agency relationship").

## C. <u>Plaintiff Fails To Plead Facts Supporting Other Elements of Her DNC Claim Under Section 227(c).</u>

Beyond the fatal threshold issues discussed above, Plaintiff's DNC claim under Section 227(c) of the TCPA fails for several additional reasons:

**<u>First</u>**, the TCPA's National DNC Registry provisions apply only to "residential telephone subscribers." 47 U.S.C. § 227(c)(5). To survive dismissal, Plaintiff must allege ***facts*** showing that the phone number is ***actually used*** for "residential" purposes. *See, e.g., Cunningham v. Rapid Capital Funding, LLC/RCF,* 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *report and rec. adopted,* 2017 WL 3776165 (Aug. 31, 2017) (dismissing); *see also Morgan v. U.S. Xpress, Inc.,* 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) (dismissing similar TCPA claim, holding plaintiff's characterizations that her number is a "residential" line "are not

factual allegations, but legal terms drawn from the operative statute"). This is true even if the phone number is allegedly on the National DNC Registry. *See, e.g., Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020*) (dismissing where plaintiff did not allege the "cell phone line in question is his residential phone, as required"); *Hicks v. Alarm.com Inc*., 2020 WL 9261758, at *5 (E.D. Va. Aug. 8, 2020) ("Plaintiff argues at length that cellular phone numbers are eligible for listing on the Do Not Call registry … but his argument never returns to the facts of *this* case or the use of his phone.") (emphasis original).[2] Indeed, "[t]hese are facts that are easily within the knowledge of [Plaintiff] and can be pleaded to remove any doubt about … whether [their] number[] [is] for residential use." *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4.

Moreover, courts have recognized that whether someone is a "residential telephone subscriber" within the meaning of the TCPA's DNC rules depends on certain conditions, such as whether the number "is the ***primary means of reaching the individual at their residence—that is, there is no other landline or phone at their residence*** which is instead the primary means of reaching them." *Mantha v. QuoteWizard.com*, 2022 WL 325722, at *6 (D. Mass. Feb. 3, 2022) (emphasis added).

---

[2] *See also Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4; *Cunningham v. Politi*, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019); *Gillam v. Reliance First Capital, LLC*, 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023) (all dismissing DNC claims under Rule 12(b)(6) on this basis).

Here, Plaintiff does not plausibly allege that the subject phone number is the primary means of reaching her at her residence. *Id*.; *see also* ECF No. 1 ¶ 9. While Plaintiff alleges that her phone number is "used as a personal residential telephone number" and she "does not have a landline," she has made identical allegations in other TCPA cases involving a ***different*** phone number. *Compare* ECF No. 1 ¶ 8 (allegations as to the subject number, (586) 420-XXXX) *with Soboleski v. Luminess Direct LLC*, No. 2:24-cv-13397-LJM-KGA (E.D. Mich. Dec. 18, 2024) (ECF No. 1 ¶¶ 8-9) (alleging the number (586) 843-XXXX is "her personal residential telephone number") and *Soboleski v. Party Pizza Roseville, Inc.*, No. 2:24-cv-13138-MFL-CI (E.D. Mich. Jan. 15, 2025) (ECF No. 1 ¶¶ 8-9) (same).[3] All of these allegations were made in complaints filed in the last eight months. Even construing the facts most favorably to Plaintiff, only one of these numbers can serve as the "primary" means of reaching Plaintiff at her residence. *Mantha*, 2022 WL 325722, at *6.

In any event, Plaintiff's generic allegation that she uses her cellular telephone as "a personal residential telephone number" is also insufficient, standing alone, to support that the cellular telephone is a "residential" number. *See, e.g., Hicks*, 2020 WL 9261758, at *5 (dismissing TCPA case where plaintiff alleged his cell phone number was "not associated with a business and is for personal use"); *Rogers v.*

---

[3] "[C]ourt filings from other lawsuits are matters of public record and are appropriate for judicial notice." *Weisblat v. John Carroll Univ.*, 748 F. Supp. 3d 517, 527 (N.D. Ohio 2024).

*Assurance IQ, LLC,* 2023 WL 2646468, at *4 (holding alleged "personal" use of the subject number was insufficient to plead this element); *Gillam,* 2023 WL 2163775, at *4 (ruling similarly). In sum, because Plaintiff fails to plausibly allege facts showing that she qualifies as a "residential telephone subscriber" within the TCPA's definition, her DNC claim must be dismissed.

**<u>Second</u>**, Plaintiff's DNC claim also fails because she does not allege sufficient facts supporting an inference that the texts were "telephone solicitations," as required to state a claim under Section 227(c) of the TCPA. *See* 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(c). A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15). However, a telephone solicitation expressly "does ***not*** include a call or message [t]o any person with that person's express invitation or permission, [or] [t]o any person with whom the caller has an established business relationship." 47 C.F.R. §§ 64.1200 (f)(5)[4] & (f)(15) (emphasis added).

While Plaintiff contends she did not give her "prior express consent or

---

[4] "[E]stablished business relationship" is defined to include "a prior or existing relationship…on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200 (f)(5).

permission" or "request" the subject text messages, Plaintiff notably fails to plead facts to support the lack of an established business relationship with MCM. ECF No. 1 ¶¶ 18-19. Her DNC claim should be dismissed for this additional reason. *See Gillam*, 2023 WL 2163775, at *3 (dismissing TCPA DNC claim for failure to plead lack of prior express invitation or permission or established business relationship); *see also Cataldi v. Ocwen Loan Servicing, LLC*, 2017 WL 5903440, at *2 (E.D. Mich. Nov. 30, 2017), *dismissed*, No. 17-2525, 2018 WL 11447860 (6th Cir. Apr. 23, 2018) (**Hood, J.**) (dismissing TCPA claim for failure to plead calls were made without consent). Plaintiff's DNC claim should be dismissed for this additional reason.

## II.   ALTERNATIVELY, PLAINTIFF'S CLASS AND OTHER IMPROPER ALLEGATIONS SHOULD BE STRICKEN UNDER RULE 12(F).

It is well settled that "[s]ometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action and, thus, that a court may properly resolve class certification at the pleadings stage on a defendant's motion to strike before the plaintiff has moved to certify. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Thus, courts in the Sixth Circuit and elsewhere have widely recognized that they may (and, indeed, ***should*** in appropriate cases) strike faulty class allegations at the pleadings stage under Rule 12(f) where, as here, it is apparent from the face of the complaint that the proposed classes are not certifiable under Rule 23 as

pleaded. *See, e.g., Oom v. Michaels Cos. Inc.,* 2017 WL 3048540, at \*2 (W.D. Mich. July 19, 2017) (citing *Pilgrim*, 660 F.3d at 949) (also applying Rule 12(b)(6)); *Sauter v. CVS Pharmacy, Inc*., 2014 WL 1814076, at \*2 (S.D. Ohio May 7, 2014); *Green v. Liberty Ins. Corp.,* 2016 WL 1259110, at \*2 (E.D. Mich. Mar. 30, 2016).

Along those lines, courts in and beyond the Sixth Circuit routinely find proposed classes to be uncertifiable and strike them at the pleadings stage, in TCPA cases and others, where *inter alia*: (i) the proposed definitions are impermissibly "fail-safe"; and/or (ii) common questions of law or fact do not predominate and individualized determinations would be required.[5] *See e.g., Sauter,* 2014 WL 1814076, at \*9; *Sowders v. Scratch Fin., Inc.*, 2023 WL 7525900, at \*10 (S.D. Ohio Nov. 14, 2023); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at \*1-5 (C.D. Cal. Dec. 21, 2016); *Oom*, 2017 WL 3048540, at \*2-7. Such is true here.

### A. <u>Plaintiff's Proposed Classes are Impermissibly "Fail-Safe."</u>

A proposed class definition is impermissibly fail-safe in violation of Rule 23 where, as here, the Court must make a determination on the merits of the putative class members' individual claims to determine membership. *See Oom*, 2017 WL 3048540,

---

[5] Plaintiff also seeks to represent a class of individuals who received "voice message[s]." ECF No. 1 ¶ 22. However, Plaintiff does not allege she received any voice messages and, therefore, lacks standing to represent such a class. *In re Erie Islands Resort & Marina*, 580 B.R. 731, 738 (Bankr. N.D. Ohio 2017) ("Under Fed.R.Civ.P. 23, the class representative must be a member of the class he claims to represent."

at *4; *Sauter,* 2014 WL 1814076, at *4; *Sherrod v. Enigma Software Grp. USA, LLC*, 2016 WL 25979, at *2–7 (S.D. Ohio Jan. 4, 2016) (striking class allegations where proposed definitions included legal elements of underlying claims). The Sixth Circuit has held that a proposed class constitutes an "independent ground for denying class certification" because it "shields the putative class members from receiving an adverse judgment" and "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v. Fid. Nat'l Title Ins. Co.,* 646 F.3d 347, 352 (6th Cir. 2011).

Courts routinely strike proposed class definitions at the pleadings stage in TCPA cases on this basis. *See e.g., Boyer v. Diversified Consultants, Inc.,* 306 F.R.D. 536, 540 (E.D. Mich. 2015); *Sauter,* 2014 WL 1814076, at *8-9; *Martinez v. TD Bank USA*, 2017 WL 2829601, at *12 (D.N.J. June 30, 2017); *Bryant v. King's Creek Plantation, L.L.C.*, 2020 WL 6876292, at *3-4 (E.D. Va. June 22, 2020).

Here, Plaintiff's proposed class is impermissibly fail-safe because membership depends on the merits of the putative class members' underlying claims. Indeed, the proposed class includes, *inter alia*, "[a]ll persons throughout the United States" (i) "who did not provide their telephone number to MCM Products USA Inc."; (ii) "to whom MCM Products USA Inc. delivered, or caused to be delivered, more than one voice message or text message within a 12-month period"; (iii) where the person's residential or cellular telephone number had been registered with the National Do Not

Call Registry…"[6] These are undoubtedly legal elements of a DNC Registry claim under the TCPA that, if satisfied, would entitle the class member to recover.

### B.   Common Questions of Law and Fact Do Not Predominate.

Under Rule 23(b)(3), "questions of law or fact common to class members must predominate over any questions affecting only individual members[.]" *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 468 (6th Cir. 2017), *as corrected* (Sept. 1, 2017). "A common issue of fact or law does not exist unless 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Sherrod v. Enigma Software Grp. USA, LLC*, 2016 WL 25979, at *6 (S.D. Ohio Jan. 4, 2016) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)).

Courts have consistently denied class certification where, as here, individualized consent inquiries predominate. *See, e.g., Sandusky*, 863 F.3d at 469 (affirming denial of class certification where putative class included current customers who provided their fax numbers and identifying who had given the requisite consent would require individualized inquiries). Courts have also stricken TCPA class allegations at the pleadings stage for this reason. *See, e.g.*, *Pepka*, 2016 WL 8919460,

---

[6] Plaintiff's class definition curiously differentiates between "residential" and "cellular" telephone numbers. However, only "residential" telephone numbers are entitled to relief under Section 227(c) of the TCPA. As discussed above, Plaintiff fails to plausibly allege she is a "residential telephone subscriber" in this case.

at *4; *Cholly v. Uptain Grp., Inc.*, 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017).

As applied here, it is readily apparent that common questions of law and fact do not predominate and that individualized inquiries would be required, as this class is pleaded. For example, while Plaintiff's proposed class does not directly use the word "consent," the TCPA's DNC provisions only prohibit "telephone solicitations," as noted above. In that regard, a call does <u>not</u> qualify as a "telephone solicitation" where (among other things) the plaintiff gave their "prior express invitation or permission" to receive the call. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2) & (f)(15). How the putative class members may have provided their "prior express invitation or permission" to be contacted may differ from person to person. Therefore, whether any text messages here were sent without the "prior express invitation or permission" of Plaintiff and the class members is <u>not</u> a common question that can be resolved by generalized proof across the entire class in a single adjudication; individualized inquiries into these key issues will be needed.

The same is true for persons who have an "established business relationship," another context-dependent issue that can vary by individual and prevent calls from qualifying as "telephone solicitations." 47 C.F.R. § 64.1200(c)(2); *see also* 47 C.F.R. § 64.1200(f)(5) (defining "established business relationship"); *Lindsay Transmission, LLC v. Office Depot, Inc*., 2013 WL 275568, at *4-5 (E.D. Mo. Jan. 24, 2013) (holding "absence of prior consent and the absence of a prior business relationship" are

-24-

individualized issues precluding certification under Rule 23).

Individualized inquiries are also required to determine whether each class member utilized their number for "residential" purposes—yet another key element of any DNC claim. *See*, *e.g.*, *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 135 (N.D. Tex. 2020) (questions such as residential status "require 'evidence that varies from member to member'"); *Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024) (denying class certification without evidence where "[r]esolving each phone number's residential status requires a fact-intensive inquiry"). Plaintiff's class definition should be stricken on this additional basis.[7]

## CONCLUSION

For all the reasons above, the Complaint should be dismissed with prejudice.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: July 31, 2025          By: */s/ Jonathan F. Karmo*
                             Jonathan F. Karmo (P76768)
                             450 West Fourth Street
                             Royal Oak, MI 48067
                             Phone: (248) 645-1483
                             jfk@h2law.com
                             *Attorneys for Defendant*

---

[7] With Plaintiff's proposed class definitions appropriately stricken for the myriad reasons above, all of Plaintiff's remaining class-related allegations (*e.g.*, ECF No. 1 ¶¶ 22-49) are superfluous and immaterial and, as such, should be stricken as well. *See Blount v. D. Canale Beverages, Inc.*, 2003 WL 22890339, at *8 (W.D. Tenn. July 23, 2003) (striking under Rule 12(f) as "immaterial" after dismissal of underlying claims).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 31, 2025, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic

filing system.


*/s/ Jonathan F. Karmo*